IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TERRY W. CAUDLE,** | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. **3:24-CV-924-L-BN** |
| **SEATTLE BANK,** | § § § | |
| Defendant. | § § | |

## ORDER

On December 23, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 24) was entered, recommending that the court **grant** Defendant Seattle Bank's ("Seattle Bank" or "Defendant") Motion to Dismiss For Plaintiff's Failure to State a Claim ("Motion") (Doc. 11). The magistrate judge determined that Plaintiff Terry W. Caudle ("Mr. Caudle" or "Plaintiff") failed to plausibly allege facts to support his claim for Accounting and Breach of Duty of Good Faith and Fair Dealing and injunctive relief. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). Further, Plaintiff never filed a response to the Motion or requested to amend his pleadings.

In his breach of good faith and fair dealing, Plaintiff contends that Defendant breached a duty of good faith and fair dealing that was owed to him. Report 7. The magistrate judge determined that Mr. Caudle did not point to any authority to establish that there is a duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by a shared trust or an imbalance in bargaining power. *Id.* at 8 (citation and quotation marks omitted). Further, the magistrate judge determined that allowing Mr. Caudle an

opportunity to amend would be futile and would unnecessarily delay the resolution of this action. *Id.* at 9 (citations omitted).

Second, Mr. Caudle asserted "a cause of action for a demand for accounting and requests '(1) a complete loan history, from origination to date, and (2) a breakdown of any money purportedly advanced on the Decedent's behalf.'" *Id.* (citing Doc. 1-3 at 4). The magistrate judge determined that Mr. Caudle's contentions "that he is entitled to a full accounting under the terms of the loan agreement secured by the Deed of Trust," are not sufficient because, as previously stated, "[he] is not a party to the loan agreement or listed as a debtor under the Deed of Trust." *Id.* Further, even if he were a party to the agreement, an accounting is an equitable remedy and not an independent cause of action. *Id.* (citation omitted). Accordingly, "because Mr. Caudle's only other cause of action for breach of the duty of good faith and fair dealing fails, [his] request for an accounting or injunctive relief cannot survive." *Id.* at 10. As a result, the magistrate judge recommended that this claim be dismissed with prejudice.

After considering the pleadings, file, record, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant Seattle Bank's Motion Dismiss for Plaintiff's Failure to State a Claim (Doc. 11) and **dismisses with prejudice** this action, pursuant to Rule 12(b)(6).

**It is so ordered** this 6th day of February, 2025.

Sam A. Lindsay
United States District Judge

Order – Page 2